## Brown *versus* Bennett.

1. Although a married woman cannot contract for the sale of her real estate, yet after her coverture has ceased she may ratify such contract.

2. A wife and her husband by agreement, not acknowledged, contracted to sell her land; the consideration to be paid in instalments; after her husband's death she received an instalment, for which she endorsed on the contract a receipt, to apply on the contract. This was a re-delivery in writing of the original agreement, and not a new parol contract void by the Statute of Frauds.

[Brown v. Bennett.]

March 11th 1874.   Before Agnew, C. J., Sharswood, Mercur and Gordon, JJ.   Williams, J., at Nisi Prius.

Error to the Court of Common Pleas of *Luzerne county :* No. 237, to January Term 1874.

This was an action of ejectment, brought February 10th 1871, by Margaret D. Brown against Mary A. Bennett, for one-fourth of an acre of land in the borough of Pittston.

A case was stated for the opinion of the court in substance as follows :—

" The plaintiff, a married woman, was the owner of about one-fourth of an acre of land in the borough of Pittston.   The deed to her is dated the 29th of July 1867, and is for the consideration of eight hundred dollars.   On the 8th of August 1866, by writing under seal, to take effect on the 1st of November 1866, she agreed for the like consideration of eight hundred dollars, to sell and convey the lot to the defendant.   The consideration, with interest, was payable $400 on the 1st of November 1866 ; $200 on the 1st of April 1867 ; $100 on the 1st of April 1868, and $100 on the 1st of April 1869.   Upon the written agreement, made part of the case stated, are endorsed as paid, August 28th 1866, $400, and 1st of April 1867, $210, to her agent.

" Jacob D. Brown, the husband of the plaintiff, died October 14th 1867, and she received upon the contract on the 11th of April 1868, the sum of one hundred and twelve dollars.   The receipt for this sum endorsed upon the contract, signed by Thomas Ford, who also had signed, as her agent, the receipt of the 1st of April 1867, is in these words :—

" ' Received, Pittston, April 11th 1868, one hundred and twelve dollars from Mrs. Mary A. Bennett, pr. hands of John S. Hinds, to apply on the within contract.'

" The defendant, before suit brought, tendered to the plaintiff the balance due and unpaid, after deducting the foregoing payments, and the tender has been kept good.* * *

" The question presented is, whether the receipt by Mrs. Brown of a part of the purchase-money after discoverture operates either as an estoppel, or in affirmance of the contract, and validates the same.

" If the plaintiff be entitled to recover for the land, or to recover, subject to a portion, and how much, or all of the purchase-money, judgment to be entered therefor to be of the same as if upon a verdict of a jury. * * * If the court be of opinion that the plaintiff is not entitled to recover, then judgment to be entered for the defendant."

The agreement referred to in the case stated was, " between Margaret D. Brown and Jacob D. Brown her husband in right of said Margaret," and Mary A. Bennett.   After describing the

property contracted for and the stipulations as to payments, &c., it concludes :—

* * * "And the said Mary A. Bennett hereby confesses judgment to the said Margaret D. Brown for the said sum of eight hundred dollars, with all costs of entry and of suit, and a release of all errors, and waiver of inquisition on real estate, but the entering of this judgment of record, shall not be construed as a bar to any other and different process to which said Margaret D. Brown may be otherwise entitled under this instrument.

"Witness our hands and seals in duplicate.

MARGARET D. BROWN, [SEAL.]
MARY A. BENNETT.     [SEAL.]"

The agreement was not acknowledged.

Dana, J., delivered the opinion of the court below. In concluding, he said :—

"Whilst the questions involved are not free from difficulty, yet upon the whole case we direct that judgment be entered in favor of the plaintiff for the land described in the writ ; to be released, however, upon condition that the defendant within ten days pay to the plaintiff the sum of one hundred and thirty-three dollars and twenty-seven cents, being the balance of purchase-money ascertained as of the 11th of April 1872, the date of trial, with interest upon said sum, together with the costs in the case. The plaintiff to deposit in the prothonotary's office for the defendant a deed for said land, agreeably to the terms of the agreement of the 8th of August 1866."

The plaintiff took out a writ of error.

No assignments of error appeared in the paper-books.

*C. L. Lamberton* (with whom was *M. W. McAlarney*), for plaintiff in error.

*C. Pike* (with whom was *H. B. Payne*), for defendant in error.

The opinion of the court was delivered, March 16th 1874, by

SHARSWOOD, J.—That a married woman has no capacity to contract for the sale of her real estate, or to convey it, except in the precise statutory mode conferring the power, is one of the best settled doctrines of our law. See the cases cited in the opinion of the present Chief Justice in Glidden *v.* Strupler, 2 P. F. Smith 402. It was held in that case that she could not be affected either by legal or equitable estoppel, so as to preclude her heirs from setting up and recovering upon her title. But it was not decided in that case, or any other, that she could not ratify the contract after the coverture has ceased, and she has thereby become perfectly *sui juris*.

It is contended that the contract being absolutely void was inca-

[Brown v. Bennett.]

pable of ratification without a new contract founded upon a new consideration. It may well be that a naked ratification by the married woman after discoverture would not avail. A mere admission of her liability might not be sufficient. But there is something more in this case. She received one of the instalments due upon the contract after the death of her husband. The authority of the agent is not denied, and the case stated expressly admits that she received the money. This is a consideration, and sufficient to support the promise to ratify the contract, admitting a consideration to be necessary. It was, in effect, a redelivery by her of the articles, and an acknowledgment that she had duly received the instalments previously paid during the coverture. Such a redelivery of the original agreement in writing is not a new parol contract void by the Statute of Frauds.

The case of Clark v. Thompson, 2 Jones 274, relied on by the plaintiff in error, as almost exactly parallel with that in hand, was a very peculiar one, and decided on its circumstances. It is true that the married woman after the discoverture had received some of the stipulated returns reserved in the articles. Yet the returns then ceased to be paid, and she was ejected from two acres of land reserved to the grantors. The conditions of the contract had been clearly violated by the vendee. " The defendant," said Mr. Justice Burnside, " came in under the title of Clark and wife upon certain conditions which they refuse to fulfil. They deny her right, yet they say they have a grant of that right in fee ; but when that grant comes to be examined, the law in its wisdom replies to them, that when Fanny Clark signed the agreement she was a *feme covert ;* as to her it was void, and the law cast the estate upon her on the death of her husband, when she became a *feme sole ;* it did not bind her, she never acknowledged it as the statute requires. If they had suffered this lone woman to remain in her cabin, and paid her the rent the agreement required, there is no doubt she would have been satisfied." The stipulation in favor of the woman had not been performed but for two or three years after her husband's death, which was twenty years before the trial. It is clear that the case was decided on the ground of a breach of condition, and although it was insisted that there ought to have been an entry before suit, no notice was taken of that objection, and it has been since solemnly held in Scheaffer v. Scheaffer, 1 Wright 525, that an entry by the grantor is not required by the laws of Pennsylvania to complete the forfeiture.

Judgment affirmed.