## JOHN HOLDEN v. THOS. BANES ET AL.

APPEAL BY SHARPLESS & SONS FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 27, 1891—Decided February 16, 1891.

1. The contract of a married woman to pay a valid debt of her husband out of her separate estate, creates a moral obligation which is a sufficient consideration to support a bond and mortgage for the same debt, executed after her husband's death.
2. Moreover, in the absence of fraud and collusion, other judgment creditors of the mortgagor have no standing, on the distribution of the proceeds of the sale of the land, to set up the want of sufficient consideration for the bond and mortgage so executed.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 179 July Term 1890, Sup. Ct.; court below, No. 643 December Term 1881, C. P. No. 4.

### Auditor's Report.

On January 30, 1882, John Holden, as assignee of Catharine Finn, issued a scire facias sur mortgage against Thomas Banes and Robert C. Brodie, administrators of Susanna Banes, deceased. Judgment having been obtained, a levari facias was issued whereon the mortgaged premises were sold. Subsequently, the purchase money was paid into court, and *Mr. William B. Edwards* was appointed auditor to report a distribution. On December 13, 1886, Mr. Edwards having died, *Mr. James C. Sellers* was appointed auditor in his stead.

On August 20, 1889, the auditor filed a report which in part was as follows :

Susanna Banes, the mortgagor, was seised in fee at the time of her death, which occurred July 29, 1879, of the premises from the sale of which by the sheriff the present fund arises. On April 14, 1880, the premises in question were sold, under an order of the Orphans' Court, by Robert C. Brodie, Jr., administrator of Susanna Banes, deceased, to Bella G. Vezin, wife of Alfred Vezin, and were duly conveyed to her, subject to the mortgage under which the sheriff's sale subsequently took place.

On April 15, 1881, Alfred Vezin died, and on April 26, 1881, Bella G. Vezin, then being a widow and in possession of the premises in question, conveyed the same, inter alia, by the name of Isabella, otherwise Bella G. Vezin, to William Y. Colladay in trust, first, for the payment of all the indebtedness of grantor and of the estate of her deceased husband to the said William Y. Colladay and the firm of Colladay, Trout & Co., and thereafter, for certain other purposes in the deed of trust set forth.

On the same day (April 26, 1881), Bella G. Vezin executed a bond and warrant of attorney to Colladay, Trout & Co., for $184,000, conditioned for the payment of $92,000 in one day. Judgment was entered upon this bond on May 9, 1881, and execution issued on June 9, 1881. On application of the defendant a rule was granted to open the judgment and let the defendant into a defence. This rule was subsequently made absolute. On December 10, 1885, after the execution of the deed of re-conveyance which will be referred to later on, a rule was entered to strike off this judgment, and two days later was made absolute by agreement.

Auditor's Report.

On November 11, 1881, Sharpless & Sons brought suit against Bella G. Vezin upon a due-bill for $7,198.33, dated June 15, 1881, payable on demand, and alleged to have been given for a book account, a copy of which was filed, for necessaries purchased by the defendant during her husband's lifetime. No defence was made to this claim, and judgment was taken December 10, 1881, for $7,408.29.

On March 6, 1882, the sheriff's sale under the present writ took place.

On August 25, 1883, Mrs. Vezin, then Bella G. Dabney, having intermarried with one Frederick Dabney, filed a bill in equity against William Y. Colladay and Colladay, Trout & Co., praying the court to direct a re-conveyance of the property covered by the deed of trust, alleging duress and want of consideration. An answer was filed by the defendant, denying these allegations, and an examiner was appointed, but the case proceeded no further.

On December 3, 1889, William Y. Colladay, trustee under the said deed, and Colladay, Trout & Co., re-conveyed to the said Bella G. Vezin, now Bella G. Dabney, the property covered by and enumerated in the deed of trust, with certain exceptions, the said Bella G. Dabney and her husband, Frederick Dabney, being parties to the deed of re-conveyance and joining in the execution and acknowledgment of the same. The said deed was made expressly subject to the right of Colladay, Trout & Co. to receive the balance of the proceeds of the sheriff's sale, constituting the fund now in court for distribution.

From the searches it would appear that, at the date of the sheriff's sale, there were no liens upon the property which would be entitled to come in upon the present fund. So far as the record shows, therefore, the entire fund would seem to belong, by virtue of the deed of trust of April 26, 1881, and the subsequent deed of December 3, 1885, to William Y. Colladay, as the legal, and Colladay, Trout & Co. as the equitable, owners. As the trust for the latter firm is by its terms purely a dry trust, Colladay, Trout & Co. would, by the record evidence, be entitled to receive the fund directly. . . . .

It was claimed by counsel for Sharpless & Sons, that the deed of trust given by Bella G. Vezin to William Y. Colladay,

Auditor's Report.

dated April 26, 1881, was without consideration and void, as was also the judgment for $92,000, entered May 9, 1881, and subsequently stricken off. If this claim should be established, the fund would be subject to the lien of the above-mentioned judgment of Sharpless & Sons, and, there being no prior lien, they would be entitled to receive the fund. This raises the main question, which was contested before the auditor, and which will now be considered.

The evidence shows that the trust deed, and the bond and warrant upon which the judgment was entered, were executed and delivered under the following circumstances : Alfred Vezin, in his lifetime, carried on the business of manufacturing hosiery, and had large mills at Frankford, Philadelphia, where he also resided. His mills were known as the Frankford Hosiery Mills. The firm of Colladay, Trout & Co. were his commission merchants. Mrs. Bella G. Vezin took an active part in her husband's business, and also operated a separate hosiery mill, known as the Bandola Mill, on her own individual account. The goods manufactured in both mills were consigned to Colladay, Trout & Co., who sold them upon commission, and frequently made advances upon them to Alfred Vezin. The account was kept in the name of Alfred Vezin alone, apparently with the knowledge and sanction of his wife. In the course of these transactions, Alfred Vezin became indebted to Colladay, Trout & Co. in a very large sum, the indebtedness at the date of his death amounting to $144,080.34. The Vezins having asked for advances greatly in excess of the value of the goods consigned, Colladay, Trout & Co. pressed for additional security. Thereupon Mrs. Vezin, who had represented to William Y. Colladay that she was possessed of a large separate estate, derived from a former husband, made many promises, both verbal and written, to secure the debt to the extent of $80,000, $90,000, or $100,000, upon her individual property. She also became extremely urgent in her applications to Colladay, Trout & Co. for additional advances and loans, to meet from time to time maturing obligations of her husband. She offered to give as security for such loans a mortgage, or " deed of sale," of all her separate property. The loans were made, but no mortgage, deed of sale, or other papers was ever executed. During a whole year, however, prior to her husband's

death, she was continually writing to William Y. Colladay that the papers were being prepared, and promising that she would secure everything upon her individual estate. On the strength of these representations and promises, she obtained additional loans for her husband from Colladay, Trout & Co. She also borrowed from them, upon her own individual credit, and for her own use, during the years 1879 and 1880, various sums, aggregating $9,000, and they further discounted for her two notes of Rene Guillou, indorsed by her, amounting to $12,000. Neither the loans nor the notes were paid at the time the deed of trust was executed. While thus indebted to Colladay, Trout & Co., Alfred Vezin died, as has been stated, on April 15, 1881. By his last will and testament, proved April 21, 1881, he made his widow his sole devisee and legatee, and appointed her executrix. The deed of trust was executed, and the bond and warrant given, on April 26, 1881. The only consideration alleged for either was the pre-existing indebtedness, not loans made after the death of Alfred Vezin.

It was argued by counsel for Sharpless & Sons that neither the loans of Colladay, Trout & Co. to Mrs. Vezin, nor her indorsements of the Guillou notes, nor her various promises to secure both her own and her husband's indebtedness upon her separate estate, imposed any legal obligations upon her, and that, therefore, there was no consideration for the deed of trust, and it was absolutely void as against subsequent lien creditors.

Counsel for Colladay, Trout & Co. admitted Mrs. Vezin's disability to make a binding contract during her husband's lifetime, but argued that her promises and indorsements, and the loans received by her, imposed upon her a moral obligation, constituting a sufficient consideration for the conveyance which was made when she was under no disability; also, that, being sole devisee and legatee under her husband's will, she necessarily took his estate subject to his debts, and the removal or reduction of, or relief from, any portion of his indebtedness, was an ample consideration for the conveyance of any part of her separate property. It was also argued that the defence of coverture, which is practically set up here, can be made only by the married woman herself, and that, where she does not interpose such defence, it cannot be raised by her creditors.

The contention that the relief of her husband's estate from

indebtedness would constitute a sufficient consideration for such a conveyance, would have force, if it had been shown that the estate of Alfred Vezin had been thus relieved from any claim against it. But there was no such agreement. While Mrs. Vezin gave Colladay, Trout & Co. additional security for their debt, they did not relinquish a dollar of their claim against Alfred Vezin's estate, but on the contrary proved their total debt in the Orphans' Court, and received a dividend upon the whole amount. Moreover, Mrs. Vezin had no actual interest in the estate of her husband, which was utterly insolvent. The deed of trust cannot be sustained upon this ground.

But the auditor is of the opinion that Sharpless & Sons have no standing before him to attack the consideration of the deed of trust upon the grounds alleged. That consideration would be unquestionably good, had it not been for the coverture of the grantor at the time the original indebtedness to Colladay, Trout & Co. was contracted. The attempt, therefore, is to plead coverture. Mrs. Vezin, herself, does not set up this plea. She does not dispute the validity of the claim against her. On the contrary, she has expressly recognized it, since her discoverture ; first, by giving the bond and warrant for the debt of Colladay, Trout & Co. ; secondly, by the deed of trust, which recites the "indebtedness due" by her ; and, thirdly, so far as the fund now in question is concerned, by the deed of reconveyance of December 3, 1885. She has not appeared before the auditor to raise any objection, but by her solemn deed consents that this money shall be awarded to Colladay, Trout & Co. The auditor does not think that, where a married woman declines to plead her coverture, a creditor has any standing to plead it in her stead, for the purpose of furthering his own interests. Of course, if fraud or collusion were alleged, the case might be different. But no such allegation has been made, nor, if made, would there be evidence to support it. The rights of Sharpless & Sons, in this particular, moreover, can rise no higher than those of Mrs. Vezin, and she is unquestionably estopped from disputing the claim made here by Colladay, Trout & Co.

But, the auditor is also of opinion that there was a good and sufficient consideration for the deed of trust. It is not contended that there was any valuable contemporaneous consideration. The consideration expressed in the deed is nominal.

Arguments.

The contention is that Mrs. Vezin's promises to secure to Colladay, Trout & Co., out of her separate estate, the money advanced on her husband's account, the money borrowed by herself personally, and her indorsements of Rene Guillou's notes, constituted a sufficient moral consideration to support her promise, made after discoverture, to pay the same and the deed given to secure such payment.

—Citing and considering Hemphill v. McClimans, 24 Pa. 367; Brown v. Bennett, 75 Pa. 420; Trout v. McDonald, 83 Pa. 144; Leonard v. Duffin, 94 Pa. 218; Brooks v. Merchants N. Bank, 125 Pa. 394, the auditor concluded:

Applying the principle of these cases to the case under discussion, there can be no doubt that Mrs. Vezin was morally obligated to Colladay, Trout & Co. for the payment of her husband's debt, at least to the amount of $100,000, and her own, amounting to $21,000; and that this moral obligation constituted a perfectly good consideration for her subsequent promise to pay, after her coverture had ceased. The deed of trust cannot, therefore, be disregarded, and Colladay, Trout & Co. are entitled to the fund in court.

—A distribution having been reported, in accordance with the foregoing, Sharpless & Sons filed exceptions, which, having been overruled by the auditor and renewed on the filing of the report, after argument thereof before the court in banc, were dismissed, without opinion filed, and the distribution reported by the auditor confirmed. Thereupon the exceptants took this appeal, assigning the dismissal of their exceptions and the confirmation of the auditor's report for error.

*Mr. Wm. A. Manderson*, for the appellants.

Counsel cited: Parke v. Kleeber, 37 Pa. 251; Imhoff v. Brown, 30 Pa. 504; Berger v. Clark, 79 Pa. 340; Cummings v. Miller, 3 Gr. 146; Mansley v. Smith, 6 Phila. 223; Dorrance v. Scott, 3 Wh. 309; Steinman v. Ewing, 43 Pa. 63.

*Mr. William H. Staake*, for the appellees.

Counsel cited: Scotson v. Pegg, 6 H. & N. 295 (30 L. J. Exch. 225); Weaver's App., 115 Pa. 59; Brown v. Bennett, 75 Pa. 420; Trout v. McDonald, 83 Pa. 144; Brooks v. Merchants N. Bank, 125 Pa. 394; Hemphill v. McClimans, 24 Pa. 367.

PER CURIAM:

It is not denied that the claim of Colladay, Trout & Co. against Mr. Vezin was bona fide, and for an honest debt. It was proved and allowed by the Orphans' Court after his death. It was urged, however, that Mrs. Vezin could not make a binding contract during coverture. This is true, and she would be entitled to avoid such contract. The right of her creditor to avoid it for her is not so clear. The privilege to claim her disability belonged to her; it was not for a creditor to set it up for her. Such contract imposed a moral obligation upon her, which was a sufficient consideration for a subsequent promise made after discoverture : Hemphill v. McClimans, 24 Pa. 367; Brown v. Bennett, 75 Pa. 420; Trout v. McDonald, 83 Pa. 144; Leonard v. Duffin, 94 Pa. 218; Brooks v. Merchants N. Bank, 125 Pa. 394. The appellants have no standing to raise the questions they have presented in this case. There was no evidence of collusion or fraud between Mrs. Vezin and Colladay, Trout & Co., which gave the appellants, as judgment creditors. of the former, the right to call this transaction in question. It is very clear they have no claim upon this fund.

The decree is affirmed, and the appeal dismissed, at the costs of the appellants.