# Leonard *versus* Duffin.

The debt of a married woman, whereby she is not bound but which she is under a moral obligation to pay, is a sufficient consideration to support an obligation under seal by a third person to pay it.

March 31st 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas of *Northampton county*: Of January Term 1880, No. 173.

Feigned issue wherein Catherine Leonard, administratrix of Elizabeth Murtaugh, deceased, was plaintiff, and John C. Duffin and Mary Duffin defendants, to inquire into the consideration of a judgment for $1065, entered on a judgment-note with a warrant to confess judgment, which judgment the court opened and let the defendants into a defence.

At the trial it appeared that in 1866, Samuel Duffin borrowed of Mrs. Elizabeth Murtaugh $300. Between 1866 and 1870, Jane Duffin, wife of Samuel Duffin, borrowed of Mrs. Murtaugh money to the amount of $600. In 1871 or 1872, she borrowed of Mrs. Murtaugh $100 more. In 1870, Jane Duffin gave a promissory note to Mrs. Murtaugh for $900; and on June 18th 1877, the money being unpaid, and Mrs. Murtaugh desiring to have security for her money, John C. Duffin and Mary Duffin, two of the children of Jane and Samuel Duffin, executed a bill single for $1065,

with warrant of attorney to confess judgment, to secure the pay-
ment of the loans make by Mrs. Murtaugh to Samuel Duffin and
Jane Duffin on which judgment was entered, No. 181, June Term
1877. In 1878, Mrs. Murtaugh having died, and Catherine
Leonard, her administratrix, having been substituted as plaintiff,
an execution was issued on this judgment. The defendants then
presented their petition, asking the court to set aside the execution
and to open the judgment and let the defendants into a defence.
The court upon the hearing made the rule absolute and granted
this issue.

The third point of the defendant, which the court affirmed, was
as follows: " Any money borrowed by Mrs. Jane Duffin, and
included in the judgment-note in suit, must be deducted from the
amount named in the judgment in suit."

In the general charge, the court, Meyers, P. J., inter alia, said:
" If you find that the consideration of the bill single was the note
of $900, the loans of $100 and $65, then we charge you that the
bill single by the defendants to Mrs. Murtaugh, to the extent that
it included the alleged indebtedness of Jane Duffin, a married
woman, to Mrs. Murtaugh, contracted during coverture, is void
and not binding on the defendant."

Verdict for plaintiff for $345, the amount of the indebtedness
of Samuel Duffin, with interest. The plaintiff, after judgment,
took this writ, and alleged that the court erred in the answer to
the above point, and in the foregoing portion of the charge.

*Edward J. Fox* and *A. S. Knecht*, for plaintiff in error.—The
non-liability of a married woman is a personal privilege, not to be
extended to her husband, or a stranger, who unites with her in the
contract. While she is not liable upon her contracts, one who
joins with her in signing a bond or note, whether as principal or
surety, is bound: Hope Building Association v. Lance, 6 W. N.
C. 219; Unangst v. Fitler, 3 Norris 135; Shallcross v. Smith,
31 P. F. Smith 132. There can be no doubt from these decisions
that if Jane Duffin had been a co-obligor with these defendants,
they could have made no defence. If her name had been upon the
paper, the court would have treated it, as to her, as if it had not
been there at all. Her signing would have been a nullity, and her
contract void; and yet the court have decided to hold a surety,
although the principal being a married woman was not bound at
all. If her execution would have been a nullity, and would be
treated as if she had not signed at all, and yet the defendants
would then be held liable, why is it that they are discharged from
this liability, which was for the payment of her debt? While she
may not be legally liable, there certainly was a moral obligation
on her part to repay the money borrowed.

[Leonard *v.* Duffin.]

*Wm. Beidelman*, for defendants in error.—A moral obligation is valuable as a consideration for an express promise in those cases only where a prior legal obligation has existed: Cook *v.* Bradley, 7 Conn. 57; Jones *v.* Asburnham, 4 East 455; Pearsol *v.* Chapin, 8 Wright 15; Paul *v.* Stackhouse, 2 Id. 304; Lee *v.* Muggridge, 5 Taunt. 10.

The moral obligation which entered into the consideration of the bill single executed by the defendants having been absolutely void, and as it could at no time have been enforced at law, no promise to pay founded thereon can be upheld, and defendants are therefore exempted from all legal liability.

Mr. Justice Mercur delivered the opinion of the court, May 3d 1880.

This contention arose on a note executed by the defendants under seal with warrant of attorney to confess judgment. The judgment entered thereon was opened and the defendants permitted to defend. They were children of Samuel Duffin and Jane Duffin, his wife. The father and mother had each borrowed money of the plaintiff. The mother had given her individual notes for the amount of her indebtedness. The notes were due and unpaid. The one in question was given in payment of the sums due by both father and mother. The court held that, to the extent the indebtedness of the mother formed a part of the consideration, there could be no recovery by reason of her coverture. This is assigned for error. It is true, as a general rule, the contract of a married woman is void, so that no action will lie against her for its breach. To this, however, there are some exceptions. Although no recovery may be had against her, it by no means follows that the equity of the claim may not be sufficient consideration to support the express promise of a third person to pay it.

It has been held to be a sufficient consideration to support the promise of the wife herself made after her coverture has ceased and she had become *sui juris:* Brown *v.* Bennett, 25 P. F. Smith 420; Trout *v.* McDonald, 2 Norris 144. The tendency of the authorities is to treat the disability of a married woman as a personal privilege, which does not extend to any person who unites with her in a contract. Thus, if she execute a note jointly with her husband she may not be bound, yet he shall be bound for the whole: Unangst *v.* Fitler, 3 Norris 135; Hope Building Association *v.* Lance, 6 W. N. C. 219. If then the indebtedness of a married woman is a sufficient consideration to support a promise made by her after the coverture is removed, we cannot see why it may not support the promise of a third party, especially when coupled with the additional consideration shown in this case. The note in question extended the time of payment of the whole indebtedness for one year for money past due; and a further consideration is

[Leonard *v.* Duffin.]

imported by the note being under seal. The learned judge, therefore, erred in holding the coverture of the mother, when the note was given by the defendants, constituted a defence to the extent of her indebtedness. The second and third assignments are sustained. We cannot say there was any error in opening the judgment. All the grounds alleged are not now before us.

Judgment reversed, and a *venire facias de novo* awarded.