Statement of Facts.

## MARTHA BROOKS ET AL. v. MERCHANTS N. BANK.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued March 28, 1889—Decided April 8, 1889.

1. Promissory notes given subsequently to the act of June 3, 1887, P. L. 332, by a firm of which a married woman is a member, in renewal of notes given by the same firm prior to said act, are valid as against the married woman, the moral obligation to pay the original notes being a sufficient consideration for the renewals.

(*a*) In an action of assumpsit by a bank, the statement of claim was signed by the cashier but without the word " cashier " added to the signature and without an averment in the statement that the affiant was the cashier.

(*b*) The affidavit of defence alleging insufficiency of the statement, a rule for judgment was made absolute, and an order was entered at the time permitting the word " cashier " to· be added to the affiant's signature.

2. As the objection to the statement was purely technical, and the defendants, being customers of the bank, were presumed to know that the plaintiff was a corporation which could act only through its officers and that the person signing the statement was its cashier, no valid defence being made on the merits, the judgment would not be reversed.

Before PAXSON, C. J., STERRETT, CLARK, McCOLLUM and MITCHELL, JJ.

No. 116 January Term 1889, Sup. Ct.; court below, No. 24 September Term 1888, C. P. No. 3.

On August 17, 1888, the Merchants National Bank issued a summons in assumpsit against Martha Brooks and W. Howard Brooks, now or late copartners, trading under the name of M. Brooks & Co.

The action was on promissory notes held by the plaintiff, drawn or indorsed by M. Brooks & Co., and all dated subsequent to January 1, 1888. The plaintiff's statement contained copies of the notes, with the usual averments, and was signed " Hartman Baker " with a scroll following the signature, but not the word " Cashier ; " nor did the affidavit appended to the statement aver that Baker was cashier.

The defendant, W. Howard Brooks, filed the following affidavit of defence :

" W. Howard Brooks, one of the defendants in the above case, being duly affirmed, says that he hath a just, true, and legal defence to the plaintiff's demand in the above case, of the following nature and character, to wit :

" That he is informed and believes that the statement filed in the above cause is not such a statement as entitles the plaintiff to move for judgment for want of an affidavit of defence. And further, that the notes whereof copies are filed in the above entitled action are renewals of notes previously given. At the time the original notes were given the said Martha Brooks was a married woman, and the wife of one Matthew Brooks, who is still living; that she was not at that time a feme sole trader, and that no new consideration passed upon the making of the notes now sued upon, or upon any of the previous renewals thereof. All of which deponent believes and expects to be able to prove."

Martha Brooks filed an affidavit to the same effect.

The plaintiff took a rule for judgment for want of a sufficient affidavit of defence. Upon the argument, the defendants contended that the plaintiff's statement and signature failed to show Hartman Baker's connection with the plaintiff bank ; that as the original notes were given prior to the act of June 3, 1887, Martha Brooks, a married woman, was not liable thereon ; that the act of 1887, while it removed certain disabilities of married women, expressly provided that nothing therein " shall enable a married woman to become accommodation indorser, guarantor or surety for another ; " and that inasmuch as Martha Brooks was not liable on the original notes, they were the debt of another, and her subsequent assumption of them by new notes was beyond her power and not within the enabling clause of the act of 1887.

The court, FINLETTER, P. J., made an order permitting Hartman Baker to add the word " cashier " to his signature, and entered judgment against the defendants for want of a sufficient affidavit of defence.

The defendants then took this writ, assigning for error : (1) The entry of judgment against them for want of a sufficient affidavit of defence ; (2) The entry of such judgment

after permitting an amendment of the record, without allowing defendants an opportunity to reply thereto by affidavit.

*Mr. W. W. Ledyard*, for the plaintiffs in error.

*Mr. W. Howard Falkner* (and *Mr. C. Stuart Patterson*), for the defendant in error.

PER CURIAM:

The defendant's affidavit does not disclose any defence. While she was not liable upon the original notes by reason of her coverture, yet when the notes were renewed the case was different. The notes sued upon were given since the passage of the act of June 3, 1887, P. L. 332. The effect of said act was to make a married woman's obligation binding upon her, unless it be as " accommodation indorser, guarantor, or surety of another; " in this case she was neither. The notes in question were the notes of a firm of which she was a member, and the moral obligation to pay the notes given during coverture was a sufficient consideration for the renewal notes given since the passage of the act of 1887.

The objection that the statement of plaintiff's claim was signed by Hartman Baker, as an individual, and not as cashier, is purely technical, and we do not think entitled to much weight in view of the fact that there was a scroll appended to Mr. Baker's name, which is recognized among banks as the equivalent of the word " cashier." The plaintiff bank was of course a corporation, and as the defendant well knew, could only act through its officers. As she was a customer of the bank, it is not a strained presumption to assume that she knew Baker was the cashier, and that the scroll was intended to designate his official position. At the same time we regard it as a very loose way of signing legal papers, and it would be more honored in the breach than in the observance. As, however, the defendant does not set up any defence whatever, we do not feel disposed to reverse this judgment for such a technicality.

Judgment affirmed.