GUARANTEE ETC. CO. v. EDWARD MAYER.
GUARANTEE ETC. CO. v. SAMUEL WEIL.

APPEALS BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
NO. 4 OF PHILADELPHIA COUNTY.

Argued March 26, 1891—Decided April 13, 1891.

In an action to enforce payment of a subscription for the stock of an in-
corporated collection company, an affidavit of defence averring that the
defendant subscribed on the faith of representations, inter alia, that
branch offices would be established, and that the same were not estab-
lished afterward, is insufficient to prevent summary judgment.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
WILLIAMS, JJ.
Nos. 107, 108 January Term 1891, Sup. Ct.; court below,
Nos. 564, 565 June Term 1890, C. P. No. 4.

On July 10, 1890, the Guarantee & Collection Company of
America brought separate actions in assumpsit against Edward
Mayer and Samuel Weil, in each case filing on September 5th
a statement of claim, verified by affidavit, as follows:

"Plaintiff is a corporation, and defendant is a stockholder
therein.   On June 27, 1889, defendant and divers other stock-
holders agreed to subscribe, take and pay for stock of the
plaintiff, as set forth in the agreement of subscription hereunto
annexed, marked exhibit A, which is made part of this state-
ment, wherein and whereby the defendant agreed to subscribe
for fifty shares of the capital stock of the plaintiff at the par
value of twenty-five dollars, of which amount five dollars per
share was to be paid plaintiff upon the delivery of the stock;
that upon the faith of defendant's signature to exhibit A as
aforesaid, other stockholders as mentioned therein subscribed
for the capital stock of plaintiff and paid for them as therein
agreed, of which fact defendant was informed, as also that the
stock for which he subscribed was ready for delivery upon the
payment of the sum agreed upon; notwithstanding which the
defendant refused to accept a delivery of or pay for the stock
for which he subscribed, and which is held by the secretary of

Statement of Facts.

the company plaintiff for the use of and in the name of defendant; whereby defendant became and was liable to pay the sum of two hundred and fifty dollars, with interest as aforesaid; hence this suit."

Exhibit A attached, omitting the names of fifteen subscribers, and the shares subscribed for, was the following:·

"June 27, 1889.

"We, the undersigned, hereby subscribe for the number of shares of the Guarantee & Collection Company of America set opposite our respective names; par $25; $5 paid in upon delivery of stock:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * | * |

Samuel Weil . . . . . . 50 shares.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * | * |

Edward Mayer . . . . . . 50 shares."

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * | * |

On October 8, 1890, the defendant in each case filed an affidavit of defence, averring:

"The defendant, with others, was induced, through false representations, to subscribe for fifty shares of stock of the company plaintiff under the following circumstances:

"The promoters of said company were Israel Hecht, Emanuel Furth and H. P. Friedman. Deponent was called upon by one of said promoters, and induced to become a subscriber to four shares of the capital stock of said collecting agency or company, at fifty dollars per share, under the promise and agreement that said company would furnish deponent for two hundred dollars eight shares of the capital stock, par fifty dollars, fully paid up. Deponent paid the sum of two hundred dollars, but did not receive the eight shares of stock. Instead thereof, a meeting was called at the instance of the promoters, and the stockholders informed that it was the intention of the company to establish at once offices in New York and Chicago, and for this purpose it was necessary to increase the stock subscriptions; and if additional stock was subscribed, offices would be immediately established in New York and Chicago. This was about June, 1889. Upon the faith of these representations, deponent was induced to sign the paper, subscribing for fifty shares of stock in said company. And deponent further says that no offices have been established in New York

Syllabus.

or Chicago, nor any of the conditions performed upon which he was induced to sign. And deponent further says that he believes the scheme was simply concocted, and said company chartered, for the purpose of supporting and bringing business to the promoters, and for their individual profit. All of which deponent will prove in the trial of the cause."

Rules for judgment for want of a sufficient affidavit of defence having been argued, the court, on November 1, 1890, entered orders in each case making the rules absolute. Judgments having been entered for the plaintiff for $270.50 in each case, the defendants took these appeals, in each case assigning the order making said rule absolute for error.

The cases were argued together in the Supreme Court.

*Mr. Francis H. Garrett* (with him *Mr. William Gorman*), for the appellants.

Counsel cited: Caley v. Railroad Co., 80 Pa. 363; Pittsb. etc. R. Co. v. Stewart, 41 Pa. 54; McCarty v. Railroad Co., 87 Pa. 332; Rinesmith v. Railway Co., 90 Pa. 263.

*Mr. Emanuel Furth* and *Mr. Jacob Singer*, for the appellee, were not heard.

In the brief filed, counsel cited: Martin v. Berens, 67 Pa. 459; Penna. Cent. Ins. Co. v. Kniley, 2 Pears. 229; Cook on Stocks & Stockholders, § 142; McClure v. Railway Co., 90 Pa. 269.

PER CURIAM:

Judgment affirmed.