Elizabeth Geiselbrecht, Executrix of John Geiselbrecht, deceased, now for use of E. H. Beshlin, Administrator of Elizabeth Geiselbrecht, deceased, v. Kate Geiselbrecht, Appellant.

*Amicable revival of judgment under seal imports consideration.*

An agreement under seal, executed by a widow, authorizing the revival of a judgment, originally void against her as founded upon a note executed during coverture, imports a consideration by virtue of the seal and no other consideration moral or substantial is necessary.

*Married woman—Judgment note—Revival after husband's death.*

The execution of a judgment note of a married woman jointly with her husband, creates a moral obligation which is a sufficient consideration to support an amicable revival thereof by the married woman after the death of the husband.

Argued May 16, 1898.    Appeal, No. 171, April T., 1898, by defendant, from judgment of C. P. Warren Co., June T., 1897, No. 120, discharging rule to show cause why judgment should not be opened.    Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and PORTER, JJ.    Affirmed.

184    GEISELBRECHT *v.* GEISELBRECHT.

Statement of Facts—Assignment of Errors.    [8 Pa. Superior Ct.

. Rule to show cause why judgment should not be opened.
Before NOYES, P. J.

The following material facts appear in the opinion of the
court below, which was as follows:

The judgment in ·No. 297, September term, 1887, was entered
against the defendant, Kate Geiselbrecht, by the name, "Mrs. F.
Geiselbrecht," November 25, 1887, by confession by virtue of a
note containing a warrant of attorney, and signed jointly by
the defendant and her husband Frank Geiselbrecht, and dated
July 9, 1886. Frank Geiselbrecht died November 10, 1887,
fifteen days before the entry of. the judgment. John Geisel-
brecht was the father of Frank, and he died about September 1,
1891, and letters testamentary were granted to his widow Eliz-
abeth, who also died May 6, 1897, and E. H. Beshlin was ap-
pointed her administrator and substituted as plaintiff on the
record.                                                        . .

Elizabeth Geiselbrecht by writing relieved the defendant
from the payment of interest during her lifetime. May 18,
1897, the defendant signed an agreement for the amicable re-
vival of the judgment, which was filed June 19, 1897, and the
judgment revived at the amount of the original debt, with inter-
est from May 7, 1897, at No. 120, June term, 1897. Up to the
time of signing the amicable revival the defendant did not know
that she was not liable on the original judgment, but she under-
stood the nature of the paper which she signed, and there was
no fraud or mistake in the transaction.


*Errors assigned* among others were (1) in not finding that
there was no moral or other obligation to support the amicable
revival entered in this case.    (4) In holding as follows: "But
it seems to be settled by the decisions of the Supreme Court
that the contract, or obligation of a married woman, though
void in law, is a good consideration to support an express
promise to perform it, made after the disability is removed, and
this although the original consideration did not move to the
married woman."    (5) In holding that the warrant of attorney,
contained in the paper signed by the defendant, .authorizing
the prothonotary to enter a new judgment, is stronger than a
mere promise.    (7) In holding as follows: "It (the revival)

is a reaffirmance of the original debt, coupled with an agreement that the door shall be shut by a solemn judgment against any denial of its obligation." (8) In not opening the judgment in this case, under the law and evidence.

*W. W. Wilbur* of *Wilbur & Schnur*, for appellant.—In the case of a married woman who was merely surety, where the contract is absolutely void, it would appear to me (says DUNCAN, J.) to require a confirmation, when (discovert) with an intent of confirming, and with the knowledge that the act would be void unless (she) confirmed it: Curtin v. Patton, 11 S. & R. 305; Hinely v. Margaritz, 3 Pa. 428.

The learned court having found the defendant did not know, when she signed the revival, that she was not liable upon the original judgment, we submit that such revival was not such a confirmation and reaffirmance of the debt, represented by the original judgment, as shut the door against her to deny the obligation.

*E. H. Beshlin*, with him *D. I. Ball*, for appellee.— The seal to the original note and to the instrument of revival imports a consideration: Hummel's Estate, 161 Pa. 215; Mack's Appeal, 68 Pa. 231; Yard v. Patton, 13 Pa. 278; Sherk v. Endress, 3 W. & S. 255.

The moral consideration to pay the original judgment is a sufficient consideration to support the revived judgment: Holden v. Banes, 140 Pa. 63; Brooks v. Merchants' N. Bank, 125 Pa. 394; Lyons v. Burns, 20 Phila. 412; Leonard v. Duffin, 94 Pa. 218.

OPINION BY PORTER, J., July 29, 1898:

The judgment sought to be opened was entered on a note under seal given by the defendant and her husband July 9, 1886, and entered of record after the death of the husband, November 25, 1887. The defendant had knowledge of the existence of the judgment and obtained from the last holder a release from the payment of interest. After the expiration of the lien she executed a paper writing under seal, bearing date on May 18, 1897, agreeing that the judgment should be revived for five years with the same force and effect as though a scire

facias had been issued. In this document she also says : " I do hereby authorize the prothonotary of the Court of Common Pleas of Warren County, Pa., to enter a new judgment against me and in favor of the plaintiff for the above mentioned sum, with the same waivers and conditions as contained in the original judgment." This paper was signed by the defendant in the presence and under the supervision of her father, who was present as her adviser, and the court below has found that " she understood the nature of the paper which she signed and there was no fraud or mistake in the transaction."

On this state of facts it is contended that the note having been originally that of a married woman prior to the act of June 3, 1887, is void; that the judgment entered upon it against her is therefore void and that the agreement to revive and re-enter the old judgment and to enter a new judgment is void for want of consideration.

Undoubtedly the note and the judgment on it were void but the revival and re-entry of the judgment and the direction to enter a new judgment have fixed upon the defendant an enforceable obligation, with ample consideration to support it. The evidence in the case does not make it clear whether the money originally borrowed was expended in the improvement of the defendant's real estate or was a loan to the husband. The testimony of the defendant was not that the money was not expended in such improvements but that she herself received none of it. If then the original debt was her own (though unrecoverable by reason of her coverture), the moral obligation to pay is a sufficient consideration to support a ratification or recreation of it after coverture ceased : Brooks v. Merchants' Bank, 125 Pa. 394; Leonard v. Duffin, 94 Pa. 218.

If the original debt was that of her husband which she, during coverture, had contracted to pay out of her separate estate, this fact creates a moral obligation which is a sufficient consideration to support the agreement to revive and for the entry of a new judgment. In Holden v. Banes, 140 Pa. 63, it was held that the contract of a married woman to pay a valid debt of her husband out of her separate estate, creates a moral obligation which is a sufficient consideration to support a bond and mortgage for the same debt, executed after her husband's death. See also Dennis v. Grove, 4 Pa. Superior Ct. 484;

Trout v. McDonald, 83 Pa. 144; Leonard v. Duffin, supra; Brown v. Bennett, 75 Pa. 420; Hemphill v. McClimans, 24 Pa. 367.

While it is true that there is in the agreement to revive no expressed promise to pay the debt represented by the original note and judgment yet the agreement is in its effect the strongest kind of a promise. It not only confirms the original judgment, but directs a new judgment to be entered. It is scarcely possible to adopt a more forcible method of evincing a promise to pay than by the execution of a paper authorizing a legal procedure by which immediate and adverse recovery of the original debt can be obtained.

In addition to the moral consideration to support the agreement to revive, and for the entry of a new judgment it is to be observed that the said agreement is executed under seal. The seal itself imported a consideration and indeed no other, moral or substantial, was necessary. Thus in Mack's Appeal, 68 Pa. 231, Mr. Justice SHARSWOOD, quoting, says: " 'a voluntary bond,' as is said by Chief Justice GIBSON, 'is both in equity and at law a gift of the money:' Sherk v. Endress, 3 W. & S. 255. 'It is not now to be doubted,' says Mr. Justice BELL, 'that though a parol unexecuted promise to make a gift inter vivos without consideration is void, an agreement under seal to do so may be enforced as a legal obligation:' Yard v. Patton, 13 Pa. 278."

We may quote Mr. Justice BELL a sentence further: " It seems to be certain that equity will not relieve against an instrument under seal merely on the ground of want of consideration." In the absence of fraud the defendant must be held to the agreement, which effectually prevents her from succeeding in the present proceeding.

Judgment affirmed.