# Rathfon v. Locher, Appellant.

*Practice, C. P.—Statement of claim—Receiver—Suit by receiver—Record.*
In a suit brought by a receiver in the court which appointed him, the statement of claim will not be held insufficient, because it merely refers to the record of the proceedings appointing the receiver.    The statement need not have attached to it a copy of the whole record.

*Married woman—Promissory notes—Surety for husband—Moral consideration.*
A promissory note given by a married woman as surety for her husband's debt, although legally invalid, imports a moral consideration, which will be

sufficient to support a renewal note given by the married woman after her husband's death; and this is the case although the renewal note was of a date prior to the husband's death, if it appears that there was no fraud in the transaction.

Argued May 14, 1906. Appeal, No. 40, Jan. T., 1906, by defendant, from order of C. P. Lancaster Co., June T., 1905, No. 22, making absolute rule for judgment for want of a sufficient affidavit of defense in case of J. H. Rathfon, Receiver of the City Saving Fund and Trust Company, v. Lila Reno Locher. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

HASSLER, J., filed the following opinion:

In her affidavit of defense, the defendant questions the sufficiency of the plaintiff's statement in that it is not accompanied by a copy of the records and proceedings showing his appointment as receiver of the City Saving Fund and Trust Company. As the plaintiff would not be entitled to a judgment for want of a sufficient affidavit of defense, even though no legal defense is contained in such affidavit, if it is necessary to have such record and proceedings attached to the statement, it is proper to dispose of this question before examining the sufficiency of the defense contained in the affidavit of defense.

The plaintiff, in his statement, avers that on February 16, 1905, he was appointed receiver of the City Saving Fund and Trust Company by the court of common pleas of Lancaster county, in suit to Equity Docket, No. 4, page 183.

The Act of May 25, 1887, sec. 3, P. L. 271, requires that in an action of assumpsit the plaintiff's statement should be accompanied " by copies of all notes, contracts, book entries, or a particular reference to the records of any court, within the county in which the action is brought, if any, upon which the plaintiff's claim is founded," etc.

Stockley v. McClurg, 14 Pa. Superior Ct. 629, relied on by the defendant, decides that the whole record must be attached to the statement where the decree or judgment was entered in the court of another county. In Campbell v. Pittsburg, etc., Ry. Co., 137 Pa. 574, on the authority of which Stockley v. McClurg was decided, it is expressly stated that a particular ref-

erence to the records of the court of the county where the suit is brought is all that the act of 1887 requires the plaintiff to attach to his statement.

The plaintiff having been appointed receiver by this court such a reference to its record of his appointment, as he has made, is all that is required to accompany his statement.

The statement declares on two promissory notes, one dated April 8, 1904, made by the defendant on November 16, 1904, and on the same day delivered by her to the plaintiff company, for $19,500 with interest from April 8, 1904, the other dated April 8, 1904, made by defendant on November 22, 1905, and on the same day delivered by her to plaintiff company, for $9,200 with interest from April 8, 1904. Credits are admitted on each note.

The defense is that the notes are without consideration, and is in substance that she, the defendant, is the widow of Charles H. Locher, who, on April, 1903, was the president of the City Saving Fund and Trust Company; that for his accommodation and benefit and at his request she gave two notes to the said company in April, 1903, for amounts in excess of the two notes in suit; that she received none of the money realized from said notes; that the City Saving Fund and Trust Company knew the notes were given to raise money for her husband; that on November 22, 1904, as set out in plaintiff's statement, she gave the notes in suit in renewal of the notes given by her for her husband's accommodation in April, 1903, dating the notes back to April 8, 1904. Defendant's husband died on October 13, 1904, more than a month prior to her making and delivering the notes in question.

The Act of June 8, 1893, P. L. 344, sec. 2, permits a married woman to make all contracts except that " she may not become accommodation endorser, maker, guarantor or surety for another." The defendant was an accommodation maker for her husband on the notes given in April, 1903, and consequently could not be held liable for their payment. There was, however, a moral obligation on her to pay them, as the City Saving Fund and Trust Company advanced the money to her husband because of the notes signed by her.

The notes in suit were made after the death of her husband when she was a feme sole, and when all restriction on her right

to contract was removed. The question, then, for our consideration is, would the original notes which imposed no legal liability on her, but which she was under a moral obligation to pay, be such a consideration as would make any contract she made, after the death of her husband, to pay them binding on her.

In making the original notes the defendant, although at that time a married woman, as we have said, assumed a moral obligation to pay them. A moral obligation is defined in Bailey v. Phila., 167 Pa. 569, to be an obligation " which cannot be enforced by action, but which is binding on the party who incurs it, in conscience, and according to natural justice." And again, " A duty which would be enforceable by law, were it not for some positive rule, which, with a view to general benefit, exempts the party in that particular instance from legal liability. . . . In this state it is held that such a moral obligation will sustain an express promise to pay."

In Hemphill v. McClimans, 24 Pa. 367, it is held that a moral obligation is sufficient consideration for a direct promise, and that a married woman who promised to pay for work done for her son was not liable on such promise, but such promise is a sufficient consideration to make her liable on a new promise to pay made after she had been divorced. In Kelly v. Eby, 141 Pa. 176, a loan was made to a married woman, who, after the death of her husband, promised to pay it. Justice Mc-Cullom says : " If the loan was made to the appellant as claimed, she was under no legal obligation to pay it ; but the moral duty arising therefrom was a sufficient consideration to support an express promise made after coverture." In Brooks v. Merchants' National Bank, 125 Pa. 394, a married woman who, as a member of a firm, signed notes which she was under no legal obligation to pay, was held to have rendered herself liable to pay renewals of the notes made after the death of her husband, the moral obligation to pay the original notes being a sufficient consideration for the renewals. These authorities effectually settle the question of the sufficiency of the consideration for the notes here sued on and render the defendant liable for their payment.

It is contended by the defendant further, that because the notes were dated back to a time when her husband was alive, a

time, therefore, when she could not make a contract that would be binding on her, she cannot now be held liable for their payment, as they speak from their date.

There being no allegation in the affidavit of defense that the notes were post-dated for an illegal or fraudulent purpose, the Act of May 16, 1901, ch. 1, art. 1, sec. 12, P. L. 194, settles this contention. It is as follows : " The instrument is not invalid for the reason, only, that it is antedated or post-dated provided this is not done for an illegal or fraudulent purpose. The person to whom an instrument so dated is delivered acquires the title thereto as of the date of delivery." The notes, therefore, speak from the date of delivery, which was after the defendant was discovert. At that time there was no limitation on her power to make any contract. If she choose to date the notes back to render herself liable to pay back interest, it did not make the notes invalid. We are of the opinion that the affidavit of defense does not contain a legal defense, and we, therefore, make absolute the rule for judgment for want of a sufficient affidavit of defense, and enter judgment for the plaintiff and against the defendant for the sum of $22,857.25.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*W. U. Hensel* and *Malcolm Lloyd*, of *Burr, Brown & Lloyd*, for appellant.—The plaintiff's statement of claim is insufficient and defective in that it does not attach a copy of the record and proceedings showing the plaintiff's appointment as receiver of the City Saving Fund and Trust Company: Stockley v. Mc-Clurg, 14 Pa. Superior Ct. 629 ; Campbell v. Ry. Co., 137 Pa. 574; Smith, Kline & French Co. v. Smith, 166 Pa. 563.

There was no consideration for the notes : Wiltbank v. Tobler, 181 Pa. 103 ; Stewart v. Stewart, 207 Pa. 59.

*William Keller*, of *Coyle & Keller*, with him *John E. Malone*, for appellee.

PER CURIAM, May 24, 1906 :
The judgment is affirmed for the reasons stated in the opinion of the learned judge of the common pleas.