## Philadelphia and Gulf Steamship Company v. Pechin, Appellant.

*Corporations — Foreign corporations — Receivers — Action on stock subscription—Statement of claim—Decree of appointment— Amount necessary to pay creditors.*

In an action upon a stock subscription brought in the Common Pleas of Philadelphia County by the receiver of a foreign corporation appointed by the United States District Court for the Eastern

District of Pennsylvania, the statement of claim is not insufficient -to support a judgment for the plaintiff, because a copy of the decree appointing the receiver is not attached thereto, if it appears that the contract of subscription which is the basis of the action is annexed to this statement. Even if the record of the suit in the Federal Court should be considered as the foundation of the action, a mere reference to it is sufficient as such record is within the county.

In such a case the statement of claim will not be deemed insufficient because it does not aver that the amount of the subscription was necessary for the payment of creditors.

*Contract—Misrepresentations — Contemporaneous agreement — Principal and agent.*

In an action on a contract the defendant cannot allege as a defense that he was induced to execute the contract by fraudulent misrepresentations where the misrepresentations alleged were not of an existing fact, but were merely promissory, and in the nature of an expression of opinion.

Where a written contract provides that "this agreement cannot be altered, changed or modified in any manner whatsoever by any agent," a party to the contract cannot defend against his liability under it, upon the ground of a broken oral agreement made with the agent of the other party, at and before the signing of the written contract.

*Corporations—Foreign corporations—Action by receiver—Doing business—Registration—Acts of April 22, 1874, P. L. 108, and June 8, 1911, P. L. 711.*

In an action of the receiver of a foreign corporation to recover on a stock subscription, where the pleadings show that the corporation was a steamship company whose whole business was the interstate transportation of merchandise, the defendant cannot set up as a defense the fact that the corporation had not complied with the Pennsylvania Acts of April 22, 1874, P. L. 108, and June 8, 1911, P. L. 711.

Submitted Dec. 2, 1914. Appeal, No. 234, Oct. T., 1914, by defendant, from order of the Municipal Court, Philadelphia Co., April T., 1914, No. 64, making absolute rule for judgment for want of a sufficient answer in case of Philadelphia and Gulf Steamship Company in the hands of S. P. Wetherill, Jr., Receiver, v. Edward

401, (1915).]    Assignment of Error—Arguments.

V. Pechin.    Before RICE, P. J., ORLADY, HEAD, KEP-HART and TREXLER, JJ.    Affirmed.

Assumpsit to recover a balance due on a stock sub-scription.  Before CRANE, J.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment.

*Sidney L. Krauss,* with him *W. Horace Hepburn* and *William A. Carr,* for appellant.—Under the law it was necessary for plaintiff to attach a copy of the decree and aver that the amount of the subscription was necessary for the payment of debts: Donaldson v. Rabenhold, 71 Legal Intelligencer 569.

The question as to whether the contract was valid or not is not in reality affected by the questions relating to companies being engaged in interstate commerce. The fact that it afterwards engaged in interstate com-merce would certainly not affect the validity of a con-tract made at a time before it engaged in such com-merce.  The engaging in interstate commerce after the contract was made, would not have any effect on it and could not give it life or validity: Lasher v. Stimson, 145 Pa. 30.

A contract entered into with a foreign corporation in Pennsylvania, where it has not complied with the regis-tration laws is illegal and void: Galena Mining & Smelt-ing Co. v. Frazier, 20 Pa. Superior Ct. 394; Pavilion Co. v. Hamilton, 15 Pa. Superior Ct. 389; Chicago Building & Mfg. Co. v. Myton, 24 Pa. Superior Ct. 16.

*Wm. J. Conlen,* of *Conlen, Brinton & Acker,* with him *J. Thurston Manning, Jr.,* for appellee.—The plaintiff's statement of claim is sufficient: Taylor v. Sattler, 6 Pa. Superior Ct. 229; Foehr v. New York Short Line R. R.

Co., 40 Pa. Superior Ct. 7; Cook v. Carpenter, 212 Pa. 165.

The Act of April 22, 1874, requiring registration by foreign corporations has no application in the case at bar: Pavilion Co. v. Hamilton, 15 Pa. Superior Ct. 389; International Text Book Co. v. Pigg, 217 U. S. 91; Buck Stove, Etc., Co. v. Vickers, 226 U. S. 205; Minnesota Rate Cases, 230 U. S. 352.

The appellant cannot set up the nonregistration of the company to defeat the present action: Kilgore v. Smith, 122 Pa. 48.

The contemporary parol agreements or misrepresentations set up in the answer furnish no defense: Express Publishing Company v. The Aldine Press, 126 Pa. 347; Ridgway Company v. Pennsylvania Cement Company, 221 Pa. 160, and S. Morgan Smith v. Monroe County Water Power and Supply Company, 221 Pa. 165.

OPINION BY RICE, J., November 15, 1915:

This is an appeal by defendant from judgment for want of a sufficient answer. The action was assumpsit and was founded on two writings, one executed on December 30, 1908, and the other on May 3, 1909. By the former the defendant subscribed for five shares and by the latter for twenty shares of the capital stock of the plaintiff corporation of the par value of fifty dollars per share and in each instance agreed to pay the full par value of the shares subscribed for in five equal consecutive monthly installments. It was alleged in the statement of claim and virtually admitted in the answer that the defendant paid certain of the earlier installments but had not paid the later installments amounting in the aggregate to six hundred dollars. The plaintiffs claimed to recover this sum together with interest on the several unpaid installments thereof from the dates when they became due.

It was alleged in the statement of claim and admitted in the answer that the Philadelphia and Gulf Steamship

Company was a corporation duly organized and existing by virtue of the laws of the State of Delaware, that S. P. Wetherill, Jr., was receiver of the corporation and was duly appointed by decree of the United States District Court for the Eastern District of Pennsylvania entered on December 27, 1912, in a certain suit in equity pending in that court which suit was described by number and term. It was also alleged that by decree of that court entered on October 16, 1913, the receiver was "authorized and directed" to collect the balances remaining unpaid on the subscriptions to the capital stock of the company and to institute such suits as might be necessary for that purpose and in particular to institute proceedings against this defendant. The defendant's answer to this averment was that he neither admitted nor denied it but, if material, asked that it be proved.

Before referring to the defense on the merits set up in the answer some technical points mentioned in the brief of appellant's counsel will be noticed.

It is suggested that the statement of claim was insufficient to support the judgment because a copy of the decree of the United States District Court was not attached thereto. There is much merit in the suggestion of plaintiff's counsel that it was too late to raise this objection for the first time after judgment and appeal. If it had been raised in the court below the defect, if any, could have been cured by amendment. See Finch v. White, 190 Pa. 86. But apart from this consideration the objection cannot be sustained on a proper construction of Section 3 of the Act of May 25, 1887, P. L. 271. That requires, inter alia, that the statement be accompanied by copies of all contracts upon which the plaintiff's claim is founded. In this case the plaintiff's claim was founded on the two subscription contracts, not on the decree of the United States District Court, and the statutory requirement was complied with by attaching copies of the contracts. If by any latitude of construction it could be said that the record of the suit in the

United States District Court was at the foundation of the action, it was a record within the county and, therefore, a particular reference to it was sufficient without attaching a complete exemplification of it: Rathfon v. Locher, 215 Pa. 571.

It is further claimed that the statement was insufficient because it did not aver that the amount of the subscription was necessary for the payment of creditors. The substantial question raised by this objection was considered in Philadelphia and Gulf Steamship Company v. Clark, 59 Pa. Superior Ct. 415, wherein we pointed out the distinction between the contract sued on and a contractual or statutory obligation to pay upon call or as needed and held that proof that the whole amount of the subscription was needed to discharge existing liabilities of the corporation was not essential to the plaintiff's prima facie case. What was there said as to the question of evidence applies with equal force to the question of pleading.

The insufficiency of the defense based on the alleged representations of the agent who obtained the subscriptions is adequately and clearly shown in the opinion filed by Judge CRANE of the Municipal Court and nothing need be added to the following excerpt therefrom: "The defense interposed against the payment of balance on the second subscription is to the effect that at the time defendant signed the second subscription it was represented to him by an agent for plaintiff that, 'It was the intention of the plaintiff company to obtain subscriptions and raise the sum of one million dollars with which to purchase not less than four steamships so the company could have weekly sailings between Philadelphia and New Orleans'; that plaintiff's agent further 'represented to defendant that the said subscriptions aggregating one million dollars would be completed within sixty days of said agreement.' Denial is made in the answer that the sum of one million dollars was subscribed within sixty days from May 3, 1909, or

at any other time.......Regarded as a misrepresenta-
tion the defense cannot be availed of because the state-
ment relied upon is not a misrepresentation of an ex-
isting fact, being merely promissory and in the nature of
an expression of opinion.  The elements which it is
necessary for the defendant to establish when he seeks
to evade an obligation on the ground that he was induced
by fraud or misrepresentation to enter into it are clearly
summarized in Fulton v. Hood, 34 Pa. 365, and later in
the case of Guarantee, Etc., Co. v. Mayer, 141 Pa. 511, in
which latter case our Supreme Court sustained a judg-
ment entered for want of a sufficient affidavit of defense
where the defense set up that, 'The defendant was in-
duced through false representation to subscribe,' to cer-
tain shares of the stock of the company upon which sub-
scription the action was brought, and that, 'Offices
would be immediately established in New York and Chi-
cago,' where it was further averred that no offices had
ever been established in either of these cities.  We con-
cluded that the facts set forth in paragraphs six, eight,
nine and ten of the answer furnish no defense to the pres-
ent action as constituting a misrepresentation.  Viewing
the facts averred in the nature of a contemporaneous pa-
rol agreement inducing the contract of subscription, the
nonperformance of which by plaintiff would relieve de-
fendant from his obligations arising therefrom, we are of
the opinion that such a defense cannot avail in view of
the following stipulation contained in the written con-
tract between the parties hereto, to wit, 'This agreement
cannot be altered, changed or modified in any manner
whatsoever by any agent.'  In the case of Express Pub-
lishing Company v. The Aldine Press, 126 Pa. 347, a simi-
lar provision was embraced in the contract in suit.  The
defendant therein alleged that the contract was signed
upon the faith of representations made by plaintiff's
agent and that the same were unfulfilled.  The Supreme
Court held, that even granting that the agent's repre-
sentation amounted to a contemporaneous inducing

agreement still: 'The defendant had distinct notice before signing the other that it was subject to acceptance on its face as written, and that no one was authorized to change, modify, or in any way affect the writing, by verbal agreement or otherwise.' (See Ridgway Dynamo Company v. Pennsylvania Cement Company, 221 Pa. 160, and S. Morgan Smith v. Monroe County Water Power and Supply Co., same volume, page 165.) In the last cited case it was held that it is a rule too firmly rooted in justice and honesty to be easily eradicated from any system of wise laws, that all negotiations, all conversations, all oral promises, all verbal agreements are forever merged in, superseded and extinguished by the written instrument, which is the final outcome and result of the bargaining of the parties. The written contract of subscription containing the provision above quoted, constituted the contract between the parties to this suit, and where defendant had notice that his agreement could not be changed in any manner whatsoever by any agent, under the authorities cited, he cannot now defend upon the ground of a broken oral agreement made with such agent at and before the signing of the written contract."

The remaining defense and the one principally relied on is based on the undisputed fact that at the time the subscription for stock was made the conditions which the Act of April 22, 1874, P. L. 108, makes a prerequisite to the right of a foreign corporation to do business in this Commonwealth had not been complied with, nor were the provisions of the Act of June 8, 1911, P. L. 711, complied with before the action was brought. It is claimed for these reasons that the contract was not enforceable. It is to be observed with regard to this defense that the statement of claim alleged that the plaintiff corporation was at all times wholly and exclusively engaged in interstate commerce, to wit, the transportation of merchandise between Philadelphia, Pennsylvania, and New Orleans, Louisiana, and later Charleston, South Carolina. This averment was admitted

with the qualification that in addition to carrying on the business of transportation of merchandise the company was engaged in carrying on its entire corporate business in the City of Philadelphia as more fully recited later in the affidavit. Recurring to the affidavit as to this branch of the case we find nothing in the facts to distinguish it in any essential particular from the cases of Philadelphia and Gulf Steamship Company v. Clark, supra, and Philadelphia and Gulf Steamship Company v. Soeffing, 59 Pa. Superior Ct. 429. In those cases we held that the business transacted by the company was exclusively interstate commerce and, therefore, the omission to comply with the registration laws of the State of Pennsylvania was not fatal to its right to recover on the contracts. The same conclusion is applicable here and we rest the case upon what is there said upon the subject.

The judgment is affirmed.