## Wolf v. Landow.

*Contracts—Novation—Statement of claim—Sufficiency of.*

A statement of claim is sufficient to prevent judgment for defendant on a statutory demurrer where the statement seeks to impose liability upon a new debtor by virtue of a novation, although it sets forth no obligation from the old debtor to the plaintiff creditor upon which an action at law could have been brought by the plaintiff against the old debtor.

Statutory demurrer to statement of claim. C. P. Berks Co., March T., 1922, No. 91.

C. W. Matten, for plaintiff; Ellis Brodstein, for defendant.

ENDLICH, P. J., Dec. 23, 1922.—Plaintiff's statement of claim in this case makes the following averments: On Nov. 25, 1921, Howard T. Lesser, of Reading, Pa., being indebted to the Wide Awake Dress Company, of Phila-

Wolf v. Landow.

delphia, Pa., in the sum of $1005.14, balance due on account of goods sold and delivered, that account was placed with plaintiff as attorney for the Wide Awake Dress Company for collection. On the same date, by mutual agreement of the plaintiff as attorney for the Wide Awake Dress Company, Howard T. Lesser and the defendant, A. Landow, the liability of Landow was accepted in the place of Howard T. Lesser and in discharge of the latter's indebtedness to the Wide Awake Dress Company. In consideration thereof, the defendant made, executed and delivered to plaintiff checks drawn on the Mohnton National Bank of Mohnton, Pa., payable to the plaintiff or order, and signed by the defendant. Upon presentation to the bank, some of the checks were paid. The remainder, amounting to $305.14, were not paid, and for the amount of them, together with interest and protest fee of $2.10, this action is brought. An affidavit of defence alleging certain matters of law was filed to this statement. The question is whether or not, upon such statutory demurrer, the defendant is entitled to judgment in this case.

Whilst the objections to the sufficiency of the plaintiff's statement are quite numerous, those which were pressed at the argument are summed up by counsel for the defendant as raising the following question: Is a statement of claim sufficient which seeks to impose liability upon a new debtor by virtue of a novation, when the statement sets forth no obligation from the old debtor to the plaintiff creditor upon which an action at law could have been brought by the plaintiff against the old debtor? The statement of claim certainly attempts to set up a novation by which to charge the defendant. In Wright v. Hanna, 210 Pa. 349, 353, it is said: "The essentials of novation are the displacement and extinction of the prior contract, the substitution of a new contract, a sufficient consideration therefor, and the consent of the parties thereto."

This statement is repeated in Curtin v. Gas Co., 233 Pa. 397, 401, and likewise in Jones v. Casualty Co., 255 Pa. 566, 573, with the addition that: 'The burden is upon one who alleges a novation to establish it by proper proof, and, in absence of an agreement that the original obligation should be extinguished and a new one substituted and the original debtor relieved, the mere acceptance of the obligation of a third person will be considered as additional security: McCartney v. Kipp, 171 Pa. 644."

And in Young's Estate, 234 Pa. 287, 289, it said, touching the consideration which is required to support a contract of novation: "It is well settled that when a new debtor is substituted by way of novation for the original debtor, there is a sufficient consideration for the new debtor's note as for his own debt. The fact that originally the debt was that of the husband of Mrs. Vincent, and not enforceable at law against her, puts no different aspect on the case. A moral obligation rested on Mrs. Vincent to pay the debt as she had contracted to do. Her legal exemption from liability was a personal privilege, of which she might or might not choose to avail herself: Leonard v. Duffin, 94 Pa. 218; Rathfon v. Locher, 215 Pa. 571."

Under these decisions, there seems to be no room for doubting that the essentials of a contract of novation are sufficiently set forth in the plaintiff's statement, and that the defendant's application for judgment must be refused.

And now, Dec. 23, 1922, it is adjudged that upon the questions of law raised by defendant's affidavit of defence defendant is not entitled to judgment, that his application therefor is refused, and that defendant be at liberty to file a supplemental affidavit of defence to the averments of facts of the plaintiff's statement within fifteen days from this date.

From Wellington M. Bertolet, Reading, Pa.