## Moore Brothers Company v. Mohn.

*Sale—Written contract—Stipulation that contract contained all of agreement—Effect of—Return of.*

1. A party who signs a written contract or order which stipulates that there are no agreements or understanding whatsoever other than those stated in the order cannot avoid or change his liability under it by proving that any other agreement was made by the agent of the other party, even though he was induced thereby to sign it.

2. A buyer cannot be permitted to return goods eight months after he received them. It is his duty to ascertain promptly whether they are as represented and return them promptly if the seller was bound by any representations.

Rule for a new trial. C. P. Lancaster Co., Dec. T., 1921, No. 47.

*Robert Ruppin* and *K. L. Shirk*, for defendant and rule.

*John E. Malone*, contra.

HASSLER, J., Jan. 13, 1923. — On March 17, 1921, the defendant signed a written order to the plaintiff to ship him one-half barrel of roofing material at a cost of $76. The order contained the following stipulation: "The above order, with conditions, terms, price, etc., is correct in every particular and irrevocable, there being no agreements or understanding whatsoever other than above stated." The order was given to an agent of the plaintiff, and by him sent to the plaintiff. In order to confirm it, the plaintiff on March 22, 1921, wrote a letter to the defendant, in which it was stated: "You have your copy of the signed order given, and we wish to confirm the agreement and terms. . . . If your understanding is different in any manner whatever, you will communicate this to us at once before the shipment of the goods, which we expect to make to you within the next few days, which request we make

3 D. & C.

because of our desire to avoid any misunderstanding later and claim of terms other than set forth in the order itself." The letter also stated the amount of material ordered. This letter was received by the defendant and produced by him at the trial. It does not appear that he made any reply or objection to it until Jan. 4th following, more than eight months after he received the goods, when he wrote a letter, in which he endeavored to show a contract different from that contained in the written order.

At the trial we refused to permit the defendant to prove a contract different from that contained in the order, and this is assigned as the reason why a new trial should be granted. He attempted to prove that there was a warranty of the goods; that if not satisfactory they could be returned; that the sale was by sample; and that the terms of the oral agreement differed from the written order.

It is well settled that where parties reduce their contract to writing, it shall not be altered by any contemporaneous parol agreement, unless such agreement was omitted from it by fraud, accident or mistake, or unless such parol agreement was what induced the complaining party to sign the contract and it has not been lived up to by the party making it. A contemporaneous parol agreement, however, cannot be admitted to invalidate, vary or alter a written contract when it is stipulated in the contract that it covers all agreements between the parties, and that no agreement or representation has been made, either verbal or written, modifying or adding to the terms and conditions set forth in it.

In Tranter Manuf. Co. v. Blaney, 61 Pa. Superior Ct. 379, the contract contained a clause very similar to the one involved here, but at the trial the defendant attempted to prove a contemporaneous parol agreement made with the plaintiff's agent, which was the inducing cause of his signing the contract. The Superior Court held that this could not be done. In delivering the opinion of the court, Judge Trexler says: "Notwithstanding these cases, parties to a contract can make an agreement which embodies all the details of the subjects of which they treat. Such parties may still safeguard themselves from any future trouble by providing against the contingency of disputes arising by reason of alleged verbal engagements and by putting the entire contract in writing, and by stipulating that the writing shall embrace all the contract. This is just what was done in this matter. The defendant, who could read, signed a contract in which, as above set forth, there was an express provision that the contract embodied the entire agreement between the parties and that any verbal modifications were abrogated. The defendant is presumed to have known what he was doing." In Philadelphia & Gulf S. S. Co. v. Pechin, 61 Pa. Superior Ct. 401, Judge Rice said: "Where a written contract provides that 'this agreement cannot be altered, changed or modified in any manner whatsoever by any agent,' a party to the contract cannot defend against his liability under it upon the ground of a broken oral agreement made with the agent of the other party at and before the signing of the written contract." The written contract of subscription containing the provision above quoted constituted the contract between the parties to this suit, and where defendant had notice that his agreement could not be changed in any manner whatsoever by any agent, under the authorities cited, he cannot now defend upon the ground of a broken oral agreement made with such agent at and before the signing of the written contract.

In Ridgway Dynamo, etc., Co. v. Pennsylvania Cement Co., 221 Pa. 160, the defendant attempted to prove a contemporaneous parol agreement to modify

a written contract which contained a clause similar to the one involved in the case at bar. Justice Potter, in delivering the opinion of the court, said: "Furthermore, the written agreement contained an express stipulation that 'all previous communications between said parties, either verbal or written, contrary to the provisions hereof, are hereby withdrawn and annulled; and that no modification of this agreement shall be binding upon the parties hereto, or either of them, unless such modification shall be in writing.' Under this stipulation, inserted evidently for the very purpose of preventing the introduction of any such claim as that presented by the defendant, there was no room for the admission of evidence as to any other terms than those expressed in the written contract." See, also, Oxweld Acetylene Co. v. Hastings, 35 Lanc. Law Rev. 129, affirmed by the Superior Court in 71 Pa. Superior Ct. 178.

From these cases it is clear that the defendant in this case, having stated in the written contract over his own signature that there were no agreements or understanding whatsoever other than those stated in the order, cannot avoid or change his liability under it by proving that any other agreements were made by the agent, even though he was induced thereby to sign it. So that no error was committed in our refusal to permit him to prove other agreements or understanding than those contained in the written order.

Nor can the defendant be permitted to return the goods in any event eight months after he had received them. It was his duty to have promptly ascertained whether they were as represented, if the plaintiff was bound by any such representation, and we do not think it was, and then to have returned them promptly. He could not retain them in his possession for eight months and then return them. We are of the opinion that no error was committed at the trial, and discharge the rule for a new trial. Rule discharged.

From George Ross Eshleman, Lancaster, Pa.