## First National Bank of Bellwood v. Crawford et al.

*Judgment — Opening judgment—Married women—Representations as to legal effect of signing note—Fraud—Death of signer—Signing note after husband's death.*

1. A judgment cannot be entered on an ordinary judgment note after the death of the signer.

2. Where a married woman signs a note as security for her husband and after his death signs it a second time, judgment may be entered against her, although the note, under her first signature, was void as against her.

3. In such case, the defendant cannot allege, on a rule to open the judgment, that plaintiff represented to her that her second signature would have no effect on her legal status, where she does not allege that plaintiff knowingly misled her, or that such representations were the moving cause which led her to renew the note.

Rule to open judgment. C. P. Blair Co., Oct. T. 1925, No. 279.

*George M. Meyers,* for plaintiff; *Mitchell MacCartney,* for defendants.

BALDRIGE, P. J., July 24, 1926.—The plaintiff entered a judgment note in the sum of $919.91, dated Sept. 9, 1925, payable three months after date, signed by Nannie Crawford and C. S. Crawford. Nannie Crawford seeks to open this

First National Bank of Bellwood v. Crawford et al.

judgment and be let into the defence, alleging that this note was given in place of two notes, one in the sum of $490 and the other in the sum of $500, that were originally given by Ellis E. Rudy and C. S. Crawford and Nannie Crawford. The petitioner claims she never received any of the money; that it was borrowed for the use of Rudy and C. S. Crawford.

It does not appear why Ellis E. Rudy, if a portion of the money was for his benefit, did not sign the last note, the one now in question. C. S. Crawford died, and shortly afterward, on Nov. 15, 1925, a representative of the bank, it is alleged, "fraudulently enticed and intimidated your petitioner into placing her signature on the said note a second time." It is averred that the fraud consisted in representing to the petitioner that affixing her signature the second time would not change her liability on the paper and that no trouble would be made for her. There is no contention that the money was not received and that the husband of the petitioner did not derive the benefit of a portion, at least, if not all of it, and there is no averment of the money being repaid.

It is claimed that the fraudulent conduct consists in giving false information to the petitioner respecting the legal effect of her signing the note the second time. As a rule, a mere representation of an opinion as a matter of law is not a fraud. "Fraud is a false representation of fact made with a knowledge of its falsehood, or recklessly, without belief in its truth, with the intention that it should be acted upon by the complaining party and actually inducing him to act upon it to his damage:" 9 Cyc., 411.

If contracts could be set aside on the ground that a legal opinion expressed proved to be a mistake, the stability of contracts would be quite uncertain. There is no contention that the representative of the plaintiff knowingly misled the petitioner, nor that such false representations were the moving cause which moved her to renew the note. Therefore, this averment is insufficient: Patton v. Fox, 22 Pa. Superior Ct. 416; International Har. Co. v. Miller, 51 Pa. Superior Ct. 324; Peters v. Florence, 38 Pa. 194; Salter L. Co. v. Exler, 239 Pa. 137.

The petitioner seeks to have this note opened on the further ground that at the time the original note was executed she was a married woman and affixed her name thereto purely for the accommodation of the borrowers. Assuming she was not a maker when the original indebtedness was created, she unquestionably signed the note when death relieved her coverture. The note as originally executed, in so far as the petitioner is concerned, was void, and the obligation could not have been enforced against her. But after the death of the husband, a married woman may agree to pay his debts out of her separate estate, thereby creating a moral obligation which is a sufficient consideration to support a note executed after the death of her husband. This principle has been recognized and enforced in a number of cases in this State: Geiselbrecht v. Geiselbrecht, 8 Pa. Superior Ct. 183; Brooks v. Merchants National Bank, 125 Pa. 394; Rathfon v. Locher, 215 Pa. 571.

The note having been signed after the death of her husband, when the restrictions thrown about her by law had been removed, she is bound thereby. The reasons advanced for opening the judgment are insufficient and would be unavailing if all of the facts averred had been proved before a jury.

As the judgment note was entered against the husband, after his death it is invalid, as the power to confess judgment passed with his death.

Now, July 24, 1926, this rule came on to be heard, was argued by counsel, and after due consideration it is discharged, in so far as it affects the petitioner, Nannie Crawford, and as to C. S. Crawford it is made absolute.

From Robert W. Smith, Hollidaysburg, Pa.