## Roberts v. Hohn et ux.

*M. W. Stephens*, for petitioner.
*Edw. P. Little*, contra.

SMITH, P. J., December 2, 1935.—This proceeding is a rule upon the plaintiff to show cause why judgment should not be opened as to Minnie E. Hohn, one of the defendants, and she be permitted to enter defense thereto for the following reasons: (*a*) The debt secured thereby is not hers; (*b*) the debt secured thereby is without consideration as to her; (*c*) she is not a terre-tenant as stated in the caption to the revival effecting said judgment.

It is agreed that the allegations in petitioner's affidavit and an affidavit of facts filed by the plaintiff in the case are true. From these we obtain the following facts and state them in chronological order:

(*a*) Petitioner is the wife of the other defendant, Louis N. Hohn, and was during the whole period involved in our inquiry.

(*b*) On February 24, 1915, Fred T. Hohn, father of defendant Louis N. Hohn, died seized testate of an undivided three-fourths interest in certain real estate in Brooklyn Township, this county, comprising 169 acres and 120 square rods, more or less, which he devised to his surviving widow, Dora Hohn for life, with remainder to his three sons, Louis N. (one of the defendants), Everett, and Frank, share and share alike.

(*c*) Dora Hohn died on August 31, 1923, intestate, seized of the remaining one-fourth interest in said real estate, leaving the three sons above mentioned surviving.

(*d*) In December 1924, Louis N. Hohn, defendant, purchased and had conveyed to him by his brothers Frank and Everett their then two-thirds interest in said real estate, to which they acquired title by will of their father, Fred T. Hohn.

(*e*) On February 24, 1926, the said defendants both purchased and had conveyed to them jointly from said Frank and Everett Hohn their two-thirds interest in the one-fourth interest of their deceased mother, Dora Hohn, in the same real estate.

(*f*) On November 6, 1920, C. E. Roberts, plaintiff, entered judgment for $130 against Dora Hohn as of no. 140, November term, 1920.

(*g*) On October 10, 1928, an amicable revival of said judgment was filed as of no. 119, November term, 1928, for $193.25, signed by both Louis N. Hohn and Minnie E. Hohn, as "Terre tenants", induced so to do, as alleged by petitioner, by advice of "Attorney for the plaintiff" Roberts that she, Minnie E. Hohn (defendant), had then become such "Terre Tenant" of the one-fourth interest in said real estate of which Dora Hohn died seized intestate.

(*h*) In October 1933, upon a like representation of attorney for plaintiff, an amicable revival of judgment in no. 119, November term, 1928, was signed by both the said Louis N. Hohn and Minnie E. Hohn as "terre tenants", and judgment was entered on October 10, 1933, as of no. 108, November term, 1933, this being the one now sought to be opened in these proceedings.

The foregoing statement of facts is taken from the petitioner's affidavit upon which the present rule to open was granted. It concludes with the allegation that the debt secured by the judgment above recited and renewals "was never the debt of your petitioner", "nor was your petitioner a terre-tenant of any property bound by the same."

(*i*) While the facts above recited from the petitioner's affidavit for rule are admitted in the affidavit of the plaintiff, it is also agreed that shortly prior to October 10, 1928, it was agreed by the present defendants that if the plaintiff would consent to their sale of timber on 38.14 acres of said real estate and release the same so that they could sell and pass title "at such time as they could secure a purchaser", they would sign an amicable revival at no. 110, November term, 1928; that pursuant to this agreement an amicable revival was so signed; and that in consideration thereof the plaintiff did execute and deliver to defendants such consent and release of the lien

of such renewal judgment in no. 110, November term, 1928, upon such timber, such release being filed therein on March 15, 1929.

## Discussion

By the conveyance described in (e) above, the defendants as husband and wife became tenants by entireties of two thirds of one fourth, or two twelfths, or one sixth, interest in the 169 acres and 120 square rods more or less. The petitioner-defendant having no interest or title in the remaining five sixths, the defendant Louis N. Hohn was the sole individual owner of the same, as shown by the conveyances recited above.

We observe that the original judgment at no. 140, November term, 1920, against Dora Hohn, had lost its lien, as more than the five-year period of limitation had elapsed from her decease before the first renewal in no. 119, November term, 1928, was entered against the parties defendant at bar as terre-tenants.

Under the definition of terre-tenants in Dengler v. Kiehner, 13 Pa. 37, 41, "There can be no terre-tenant, who is not a purchaser of the estate, mediately or immediately, from the debtor, while it was bound by the judgment", the present petitioner is not such terre-tenant. Consequently no terre-tenant was involved in the present judgment not only for the reason stated but also because she did not sign the revival as such but only individually. While the record shows judgment to have been entered against her as terre-tenant, it was error for the prothonotary to do so. Without further discussion we direct the term "terre-tenant" to be stricken from the record. Without further action the judgment would stand against her personally. This leads us further to inquire as to her status. While as a married woman she would under the facts be a surety for her husband, the other defendant, he being the only sole original debtor defendant at no. 140, November term, 1920, would the judgment be void and she be entitled to have it stricken off?

Does the agreement for such renewal of judgment

in consideration of the release by the plaintiff of timber on the 38 acres more or less of the defendants, and the execution and filing of the release, negative such relief? In answering this inquiry it will be noticed that the release was for the benefit of both defendants, husband and wife.

In Rathfon v. Locher, 215 Pa. 571, and Geiselbrecht, Executrix, v. Geiselbrecht, 8 Pa. Superior Ct. 183, we find refusal to relieve a widow from liability on a note and judgment given by her after her husband's decease, where the debt thus agreed to be paid was that of her husband only, incurred in his lifetime, and the note and judgment to secure its payment was signed by her, and in itself would have been held void as to her as a married woman under the Act of June 3, 1887, P. L. 332. Her liability was sustained on the ground that the "moral" obligation" incumbent upon her to pay the original note was a sufficient legal consideration for her later individual note to secure the same debt. True, in both those cases the note and judgment sought to be opened were executed by the defendant after her husband's decease and when she was a single woman, while at bar we have the marriage relation still subsisting.

The "moral obligation" above mentioned is defined in Bailey et al. v. Philadelphia et al., 167 Pa. 569, as one "which cannot be enforced by action but which is binding on the party who incurs it, in conscience and according to natural justice . . . a duty which would be enforceable by law, were it not for some positive rule, which, with a view to general benefit, exempts the party in that particular instance from legal liability", and which "in this state . . . will sustain an express promise to pay."

Testing the present case by the rule of "moral obligation", we observe that the release by the plaintiff of the timber from the lien of no. 119, November term, 1928, was actually executed by him on March 14, 1929, and filed on March 15, 1929; this was done for the benefit of the defendant, Minnie E. Hohn, as well as her husband, the

other defendant, as it released the 38 acres more or less as such and consequently her interest therein with the other defendant, her husband, by entireties.

Obviously the subsequent revival at no. 108, November term, 1933, filed on October 10, 1933, signed by the defendant-petitioner, Minnie E. Hohn, may be deemed to have been so signed because of the agreement concerning the release of the timber, and can be interpreted as an express promise by her to pay the debt represented by such renewal, and reënforced by her agreement for the release of the timber. Viewed in this light, the agreement charged her with a moral obligation which we hold was a sufficient consideration for the revival now in question, which for that reason is binding upon her. We decline either to open or to strike off the judgment entered thereon.

And now, to wit, December 2, 1935, the term "terre-tenant" as part of the designation of both defendants on the record and the ad sectum index in the judgment at no. 108, November term, 1933, is stricken off, and the prothonotary is to note the same by entering this order in full upon the record, and also briefly upon the margin of the ad sectum index opposite the names of both of said defendants. The rule to open judgment is hereby discharged. Exception noted and bill sealed for defendant Minnie E. Hohn.     From Gerritt E. Gardner, Montrose.